IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY VANCE WICKMAN, #062915, | § § § | |
| Petitioner, | § § | |
| v. | § § | No. 3:26-cv-284-S (BT) |
| NAVARRO COUNTY SHERIFF, | § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jeremy Vance Wickman, a prisoner in the Navarro County Jail, filed a *pro se* amended petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging ongoing criminal proceedings in Navarro County. *See generally* Amended Habeas Petition. (ECF No. 5). For the following reasons, the District Judge should dismiss Wickman's Amended Habeas Petition without prejudice and close this case.

**Background**

Wickman was charged in Navarro County with violation of a protective order, a Class A Misdemeanor. *See State of Texas v. Jeremy Wickman*, No. CR-82424 (Navarro Cnty. Court). That case remains pending. *See* https://portal-txnavarro.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=274421 (search for Wickman's case) (last visited March 23, 2026).

On March 16, 2026, in response to a Court order, Wickman filed an amended habeas petition under 28 U.S.C. § 2241 in this Court challenging his ongoing

criminal proceedings. *See generally* Amended Habeas Petition. Wickman claims that the protective order he is accused of violating is void under Texas law, that he has been in custody since December 2023 without a conviction, and that his criminal charges were dismissed in 2023. Amended Habeas Petition at 5-6. He seeks immediate release from confinement. *Id.* at 7.

## **Analysis**

1.  Wickman's habeas claims are unexhausted.

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[1]

Pretrial habeas relief is available under 28 U.S.C. § 2241(c) to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540,

---

[1] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cnty.*, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019) (Bryant, J.), *rec. accepted*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019) (Lynn, J.). A habeas petitioner must fairly present the substance of his claim to the state courts in a procedurally proper manner. *See, e.g.*, *Kingery v. Dretke*, 2006 WL 1441925, at *4 (S.D. Tex. May 23, 2006) (collecting cases). Exceptions exist only "where the available . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d at 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, applicants accused of misdemeanor charges may file an application for a writ of habeas corpus under Article 11.09 of the Texas Code of Criminal Procedure to challenge their pretrial detention. *See* TEX. CODE CRIM. PROC. art. 11.09; *Maldonado v. Valdez*, 2009 WL 424570, at *1-2 (N.D. Tex. Feb. 19, 2009) (Ramirez, J., *rec. accepted* by Kinkeade, J.). If the trial court denies habeas relief, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g.*, *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981)).

3

Wickman did not properly exhaust his claims in the Texas court system prior to filing his amended habeas petition. Though he claims that he sought habeas relief in the trial court and in the Texas Tenth Circuit Court of Appeals, there is no sign from publicly available information that he filed a habeas application under Article 11.09 with the trial court. And while Wickman tried to file habeas applications with the Tenth Court of Appeals, these were dismissed for want of jurisdiction. *See In re Wickman,* 2025 WL 3171379, at *1, n.1 (Tex. App.—Waco Nov. 13, 2025, no pet.) (dismissing Wickman's habeas petition because Wickman did not allege that he filed a habeas petition in the trial court and Texas intermediate appellate courts lack original habeas jurisdiction); *In re Wickman,* 2025 WL 2476376, at *1 (Tex. App.—Waco Aug. 28, 2025, no pet.) (same); *In re Wickman,* 2025 WL 2399598, at *1 (Tex. App.—Waco Aug. 18, 2025, no pet.) (same).

Wickman provides no reason for the Court to excuse the exhaustion requirement. He fails to show that habeas remedies are unavailable or wholly inappropriate to the relief sought, or that the attempt to exhaust such remedies would be futile. See *Montano,* at 867 F.3d 542-43 (internal quotations and quoted case omitted).

In sum, Wickman has not properly presented his habeas claims to the Texas Court of Criminal Appeals, so his Amended Habeas Petition is unexhausted and should be dismissed without prejudice. *See, e.g., Beltran v. Davis,* 2019 WL 5069087, at *2 (N.D. Tex. Sept. 19, 2019) (Toliver, J.), *rec. accepted* 2019 WL

5068555 (N.D. Tex. Oct. 9, 2019) (dismissing unexhausted habeas petition without prejudice) (Cummings, J.).

2. <u>Wickman's Amended Habeas Petition should also be dismissed under the *Younger* Abstention Doctrine.</u>

Additionally, under the *Younger* Abstention Doctrine, a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in the course of an ongoing state criminal proceeding, except in the most extraordinary circumstances and on a clear showing of both great and immediate harm. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). "Federal habeas relief prior to a pending state trial is [no] different from the type of relief sought in *Younger*." *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977). All prerequisites to *Younger* abstention are met, and the Court should decline to exercise jurisdiction over this case pursuant to the *Younger* Abstention Doctrine.

## Recommendation

The District Judge should dismiss Wickman's Amended Habeas Petition (ECF No. 5) without prejudice and close this case.

**SO RECOMMENDED.**

March 23, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.